**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 22 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| STANLEY MARCUS GALYEAN, | No. 14-35604 |
| Plaintiff-Appellant, | D.C. No. 2:13-cv-01359-MJP |
| v. | |
| NORTHWEST TRUSTEE SERVICES INC.; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Western District of Washington
Marsha J. Pechman, District Judge, Presiding

Submitted December 14, 2016[**]

Before: WALLACE, LEAVY, and FISHER, Circuit Judges.

Stanley Marcus Galyean appeals pro se from the district court's judgment

dismissing his action alleging federal and state law claims arising out of the

foreclosure of his home. We have jurisdiction under 28 U.S.C. § 1291. We review

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

de novo the district court's dismissal under Federal Rule of Civil Procedure 12(b)(6), *Hebbe v. Pliler*, 627 F.3d 338, 341 (9th Cir. 2010), and we affirm.

To the extent that Galyean raises his contract claims on appeal, the district court properly dismissed them because Galyean failed to allege facts sufficient to state a plausible claim for relief. *See Hebbe*, 627 F.3d at 341-42 (although pro se pleadings are liberally construed, a plaintiff must still present factual allegations sufficient to state a plausible claim for relief); *see also Zuver v. Airtouch Communications, Inc.*, 103 P.3d 753, 759-68 (Wash. 2004) (discussing unconscionability of contracts under Washington law). Galyean waived any challenge to the dismissal of his other claims, most of which were dismissed as time-barred, by failing to explain in his opening brief how the district court erred. *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999) ("[O]n appeal, arguments not raised by a party in its opening brief are deemed waived.").

We reject as without merit Galyean's contentions that Defendant IndyMac Federal Bank did not exist at the time defendants foreclosed on his home, that his loan was improperly "converted to an eMortgage," and that he had the right to demand production of his promissory note prior to paying it.

**AFFIRMED.**

2                                                                    14-35604